KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

MAX L. TRIBBLE, JR. (Pending Admission *Pro Hac Vice*)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
[Tel.] (713) 651-9366
[Fax] (713) 654-6666

*Attorneys for Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc.*
(Additional Counsel for Plaintiffs listed below signature line)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIPHCOM D/B/A JAWBONE and BODYMEDIA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.<br><br>Defendant. | Case No: 3:15-cv-2579<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc. (collectively, "Plaintiffs" or "Jawbone"), by their undersigned attorneys, for their complaint against Fitbit, Inc. ("Fitbit"), hereby allege the following:

1.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.[1]  Jawbone seeks damages and injunctive relief for infringement of its patents by Fitbit's wearable fitness tracker devices.

2.  AliphCom is a corporation organized and existing under the laws of California with its principal place of business located in San Francisco, California.

3.  BodyMedia, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania.  BodyMedia is a wholly owned subsidiary of AliphCom.

4.  Plaintiffs are informed and believe, and on that basis allege, that Defendant Fitbit is a corporation organized and existing under the laws of Delaware with its headquarters at 405 Howard Street, San Francisco, CA 94105.  Fitbit transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Defendant because Defendant is located in this District, has committed acts of infringement in violation of 35 U.S.C. § 271, and has placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used and sold in this District.  These acts cause injury to Plaintiffs within the District.  Defendant derives revenue from the sale of infringing products distributed within the District, expects or should reasonably expect

---

[1]  AliphCom and BodyMedia intend to file a complaint requesting the International Trade Commission (ITC) to commence an investigation pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, of Fitbit's unlawful importation into the United States, sale for importation into the United States, and sale within the United States after importation of products that infringe AliphCom and BodyMedia's patents.  The ITC complaint will include some or all of the patents and accused products asserted in this district court action.

1  transactions to have consequences within the District, and derives substantial revenue from
2  interstate and international commerce.

3        7.      Venue is proper in this Federal District pursuant to 28 U.S.C. §§ 1391(b)-(c) and
4  1400(b) in that Defendant has a regular and established place of business in this District, a
5  substantial part of the events giving rise to the claim occurred in this District, and Defendant has
6  committed acts of infringement in this district.

7  **BACKGROUND**

8        8.      Jawbone is a world leader in consumer technology and wearable devices with
9  hundreds of patents that have been granted or are pending related to Jawbone's ecosystem and
10  wearable technology manufacturing processes.  In the field of wearable technology, Jawbone's
11  UP® system in connection with its UP Move, UP2 and UP3 trackers collect and provide
12  personalized data about how consumers sleep, move and eat.  The UP Platform also includes apps
13  and services that integrate with UP devices to offer new, customized experiences.

14        9.      In April 2013, AliphCom acquired BodyMedia for over $100 million and obtained
15  the rights to BodyMedia's expansive patent portfolio in the field of wearable technology.

16        10.     BodyMedia helped to pioneer the development of wearable body monitors that
17  collect physiological data for use in improving health, wellness and fitness.  Founded in 1999,
18  BodyMedia patented widely in the field of wearable technology.

19        11.     Together, BodyMedia and Jawbone have almost three decades worth of
20  technology, science and intellectual property around wearable trackers that allow consumers to
21  measure their activity and set wellness goals.

22        12.     Jawbone has invested heavily in its wearable technology business.  In just the last
23  two years, Jawbone has spent well over a $100 million in research and development related to its
24  wearable devices along with the technology and underlying systems that support them.

25        13.     Jawbone employs over 400 people, spread across Jawbone's San Francisco,
26  Sunnyvale, Pittsburgh, Seattle, and New York facilities as well as overseas.  Jawbone's
27  operations include BodyMedia employees and research operations.

28

720498v1/014661

14.     Fitbit competes directly with Jawbone in the market for wearable fitness and activity trackers through its product line, most notably the Zip, One, Flex, Charge, Charge HR, Surge.   These trackers – which make up virtually all of Fitbit's wearable technology line – infringe one or more of the Jawbone patents.

**COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 8,446,275**

15.     On May 21, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,446,275 ("the '275 patent") for an invention entitled "General Health And Wellness Management Method And Apparatus For A Wellness Application Using Data From A Data-Capable Band."  AliphCom is the assignee and owner of the '275 patent and holds all rights, title and interests in the '275 patent, including the right to sue for and recover all past, present and future damages for infringement.  A true and correct copy of the '275 patent is attached as Exhibit A.

16.     Fitbit has infringed and continues to infringe one or more claims of the '275 patent by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker devices, including but not limited to the following:  Zip, One, Flex, Charge, Charge HR, Surge, and reasonably similar products.

17.     Fitbit is liable for its infringement of the '275 patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

18.     Fitbit knowingly induces others to perform steps that infringe claims of the '275 patent.  Fitbit's inducement of infringement includes, but is not limited to:  (i) knowledge of the '275 patent; (ii) intent to induce direct infringement of the '275 patent; (iii) knowingly aiding and abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit Dashboard,  as well as by providing instruction manuals, online websites including tutorials and frequently asked questions, and other directions that instruct the purchaser or user of an accused device to use that device in a manner that infringes certain claims of the '275 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

19.     Fitbit is also liable for contributory infringement because it offers to sell or sells within the United States or imports into the United States wearable fitness tracker devices that

COMPLAINT FOR PATENT INFRINGEMENT          3

1    constitute a component of a patented combination and a material part of the invention claimed by

2    the '275 patent, knowing the same to be especially made or especially adapted for use in an

3    infringement of such patent, which wearable fitness tracker devices are not a staple article or

4    commodity of commerce suitable for substantial noninfringing use.

5            20.     Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to

6    recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an

7    amount subject to proof at trial.  Fitbit's infringement of Plaintiffs' rights under the '275 patent

8    will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate

9    remedy at law, unless enjoined by this Court.

10            **COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 8,073,707**

11            21.     On December 6, 2011, the United States Patent and Trademark Office issued

12    United States Patent No. 8,073,707 ("the '707 patent") for an invention entitled "System For

13    Detecting, Monitoring, And Reporting An Individual's Physiological Or Contextual Status."

14    BodyMedia is the assignee and owner of the '707 patent and holds all rights, title and interests in

15    the '707 patent, including the right to sue for and recover all past, present and future damages for

16    infringement. A true and correct copy of the '707 patent is attached as Exhibit B.

17            22.     Fitbit has infringed and continues to infringe one or more claims of the '707 patent

18    by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker

19    devices, including but not limited to the following:  Charge HR, Surge, Aria, and reasonably

20    similar products.

21            23.     Fitbit is liable for its infringement of the '707 patent pursuant to 35 U.S.C. §

22    271(a), (b), and (c).

23            24.     Fitbit knowingly induces others to perform steps that infringe claims of the '707

24    patent.  Fitbit's inducement of infringement includes, but is not limited to:  (i) knowledge of the

25    '707 patent; (ii) intent to induce direct infringement of the '707 patent; (iii) knowingly aiding and

26    abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit

27    Dashboard,  as well as by providing instruction manuals, online websites including tutorials and

28    frequently asked questions, and other directions that instruct the purchaser or user of an accused

COMPLAINT FOR PATENT INFRINGEMENT          4

1    device to use that device in a manner that infringes certain claims of the '707 patent; and (iv)

2    actual or constructive knowledge that their actions induce infringement.

3    25.    Fitbit is also liable for contributory infringement because it offers to sell or sells

4    within the United States or imports into the United States fitness tracker devices that constitute a

5    component of a patented combination and a material part of the invention claimed by the '707

6    patent, knowing the same to be especially made or especially adapted for use in an infringement

7    of such patent, which fitness tracker devices are not a staple article or commodity of commerce

8    suitable for substantial noninfringing use.

9    26.    Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to

10   recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an

11   amount subject to proof at trial.  Fitbit's infringement of Plaintiffs' rights under the '707 patent

12   will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate

13   remedy at law, unless enjoined by this Court.

14   **COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 8,398,546**

15   27.    On March 19, 2013, the United States Patent and Trademark Office issued United

16   States Patent No. 8,398,546 ("the '546 patent") for an invention entitled "System For Monitoring

17   And Managing Body Weight And Other Physiological Conditions Including Iterative And

18   Personalized Planning, Intervention And Reporting Capability."  BodyMedia is the assignee and

19   owner of the '546 patent and holds all rights, title and interests in the '546 patent, including the

20   right to sue for and recover all past, present and future damages for infringement.  A true and

21   correct copy of the '546 patent is attached as Exhibit C.

22   28.    Fitbit has infringed and continues to infringe one or more claims of the '546 patent

23   by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker

24   devices, including but not limited to the following:  One, Charge, Charge HR, Surge, and

25   reasonably similar products.

26   29.    Fitbit is liable for its infringement of the '546 patent pursuant to 35 U.S.C. §

27   271(a), (b), and (c).

28

COMPLAINT FOR PATENT INFRINGEMENT          5

30.    Fitbit knowingly induces others to perform steps that infringe claims of the '546 patent. Fitbit's inducement of infringement includes, but is not limited to: (i) knowledge of the '546 patent; (ii) intent to induce direct infringement of the '546 patent; (iii) knowingly aiding and abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit Dashboard, as well as by providing instruction manuals, online websites including tutorials and frequently asked questions, and other directions that instruct the purchaser or user of an accused device to use that device in a manner that infringes certain claims of the '546 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

31.    Fitbit is also liable for contributory infringement because it offers to sell or sells within the United States or imports into the United States wearable fitness tracker devices that constitute a component of a patented combination and a material part of the invention claimed by the '546 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, which wearable fitness tracker devices are not a staple article or commodity of commerce suitable for substantial noninfringing use.

32.    Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an amount subject to proof at trial. Fitbit's infringement of Plaintiffs' rights under the '546 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

33.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Fitbit as follows:

a.    Declaring that Defendant has infringed the '275,'707 and '546 patents;

COMPLAINT FOR PATENT INFRINGEMENT         6

720498v1/014661

1   b.   Awarding compensatory damages arising out of Defendant's infringement of the

2       '275,'707 and '546 patents to Plaintiffs together with prejudgment and post-judgment

3       interest, in an amount according to proof;

4   c.   Permanently enjoining Defendant and its respective officers, agents, employees, and

5       those acting in privity with them from the make, manufacture, use, sale, importation,

6       or offer for sale of products that infringe, including by contributory infringement or

7       induced infringement, the '275,'707 and '546 patents;

8   d.   Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by

9       law; and

10  e.   Awarding such other costs and further relief as the Court may deem just and proper.

11

12  Dated: June 10, 2015                    KALPANA SRINIVASAN
                                            MAX L. TRIBBLE, JR. (*Pending Pro Hac Vice*)
13                                          OLEG ELKHUNOVICH
                                            SUSMAN GODFREY LLP
14
                                            GENEVIEVE VOSE WALLACE
15                                          (*Pending Pro Hac Vice* )
                                            gwallace@susmangodfrey.com
16                                          FLOYD G. SHORT (*Pending Pro Hac Vice* )
                                            fshort@susmangodfrey.com
17                                          SUSMAN GODFREY L.L.P.
                                            1201 Third Avenue, Suite 3800
18                                          Seattle, Washington 98101-3000
                                            Telephone: (206) 516-3880
19                                          Facsimile: (206) 516-3883

20
                                            By:   */s/ Kalpana Srinivasan*
21                                          Kalpana Srinivasan
                                            *Attorneys for Plaintiffs AliphCom d/b/a*
22                                          *Jawbone and BodyMedia, Inc.*

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT          7

720498v1/014661