1  JOSH A. KREVITT (SBN 208552)
jkrevitt@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
3  New York, New York 10166
Tel: (212) 351-4000
4  Fax:  (212) 351-4035

5  FREDERICK S. CHUNG (SBN 183337)
fchung@gibsondunn.com
6  STUART M. ROSENBERG (SBN 239926)
srosenberg@gibsondunn.com
7  ALISON WATKINS (SBN 253023)
awatkins@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
9  Palo Alto, CA 94304
Tel:  (650) 849-5300
10  Fax:  (650) 849-5333

11  Attorneys for Defendant and Counterclaimant
FITBIT, INC.
12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16  ALIPHCOM D/B/A JAWBONE and            Case No. 3:15-CV-2579-HSG
    BODYMEDIA, INC.,
17                                        **DEFENDANT FITBIT, INC.'S ANSWER
                                          AND COUNTERCLAIM**
18                Plaintiffs,
                                          **[DEMAND FOR JURY TRIAL]**
19        v.

20  FITBIT, INC.,

21                Defendant.

22

23

24

25

26

27

28

1    Fitbit, Inc. is a company whose sole and relentless mission is to help people lead healthier,

2  more active lives. Fitbit empowers people to set and reach their goals in many ways, including by

3  providing data, inspiration, and guidance.  Consistent with its overriding commitment to the health

4  and well-being of its users, Fitbit has developed critical innovations in the health and fitness market,

5  addressing key needs with advanced technology embedded in cutting-edge but simple-to-use products

6  and services.  For nearly a decade, Fitbit has led the way in health and fitness innovation both in the

7  U.S. and abroad, growing rapidly into the leading global health and fitness brand.

8    Jawbone, by contrast, has never been able to achieve Fitbit's impact, innovation, or success.

9  Unable to compete effectively with Fitbit in the market, Jawbone resorted to launching this meritless

10  patent infringement case against Fitbit -- timed to coincide with a meritless state court case -- in a

11  desperate and transparent effort to interfere with Fitbit's business.

12    Fitbit's products do not infringe any of Jawbone's patents – and Jawbone knows it, as this fact

13  is readily discernible to anyone who actually uses Fitbit's products.  Jawbone's patents are also

14  invalid, as Jawbone knows full well.  In fact, one patent (No. 8,073,707) has already largely been

15  invalidated in reexamination proceedings, another one (No. 8,398,546) comes from patents that have

16  also been invalidated in reexamination proceedings, and a third patent (No. 8,446,275) claims an

17  invention that came after Fitbit's own development of the relevant technology.

18    Jawbone's filing of this lawsuit asserting patents it knows to be neither infringed nor valid

19  reveals the extent to which Jawbone has abandoned any hope of actually competing with Fitbit in the

20  burgeoning health and fitness market – of creating the kind of exciting, useful, and innovative

21  products that Fitbit will continue to produce for the benefit of health-conscious people everywhere.

22    Defendant Fitbit, Inc. ("Fitbit"), by its attorneys, hereby answers the Complaint filed against it

23  by Plaintiffs AliphCom D/B/A Jawbone and Bodymedia, Inc. ("Plaintiffs") on June 10, 2015.

24  Anything in Plaintiffs' Complaint that is not expressly admitted is hereby denied.

25                          **NATURE OF THE ACTION**

26    1.    Fitbit admits that Plaintiffs purport to bring an action for patent infringement arising

27  under the patent laws of the United States, Title 35 of the United States Code. Fitbit admits that

28  Plaintiffs' Complaint seeks injunctive relief and monetary damages.  Fitbit denies the legal

1

1   sufficiency of Plaintiffs' claims and allegations against Fitbit, and denies that Plaintiffs have any

2   viable claim thereunder. Fitbit denies any remaining allegations of Paragraph 1 of Plaintiffs'

3   Complaint.

4   **PARTIES**

5   2.   Fitbit lacks knowledge or information sufficient to form a belief about the truth of the

6   allegations in Paragraph 2 of the Complaint, and denies these allegations on this basis.

7   3.   Fitbit lacks knowledge or information sufficient to form a belief about the truth of the

8   allegations in Paragraph 3 of the Complaint, and denies these allegations on this basis.

9   4.   Fitbit admits that it is a Delaware corporation with its headquarters at 405 Howard

10   Street, San Francisco, CA 94015. Fitbit admits that it transacts business in the United States and in

11   this judicial district.

12   **JURISDICTION AND VENUE**

13   5.   Fitbit admits that this Court has original jurisdiction over claims for patent

14   infringement pursuant to 28 U.S.C. § 1331 and 1338(a).

15   6.   Fitbit admits that it is located in this District. Except as expressly admitted, Fitbit

16   denies each and every remaining allegation of Paragraph 6.

17   7.   For the purposes of this action, Fitbit admits that venue in this district is proper under

18   28 U.S.C. §§ 1391 and 1400(b). Fitbit denies the remaining allegations in Paragraph 7 of the

19   Complaint.

20   **BACKGROUND**

21   8.   Fitbit admits that Jawbone markets products called "UP Move," "UP2," and "UP3."

22   Fitbit admits that Jawbone markets a platform called "UP" that includes apps and services. Fitbit

23   denies the remaining allegations in Paragraph 8 of the Complaint, including the notion that Jawbone

24   is a "world leader in consumer technology and wearable devices."

25   9.   Fitbit lacks knowledge or information sufficient to form a belief about the truth of the

26   allegations in Paragraph 9 of the Complaint, and denies these allegations on this basis.

27   10.   Fitbit lacks knowledge or information sufficient to form a belief about the truth of the

28   allegations in Paragraph 10 of the Complaint, and denies these allegations on this basis.

2

11.     Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and denies these allegations on this basis.

12.     Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and denies these allegations on this basis.

13.     Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and denies these allegations on this basis.

14.     Fitbit admits that its product line includes the Zip, One, Flex, Charge, Charge HR, and Surge products.  Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Complaint, and denies these allegations on this basis.

### PLAINTIFFS' COUNT 1—INFRINGEMENT OF U.S. PATENT 8,446,275

15.     Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit A a copy of U.S. Patent No. 8,446,275 (the "'275 patent"), and that the '275 patent on its face indicates that it was issued on May 21, 2013 and is entitled "General Health And Wellness Management Method And Apparatus For A Wellness Application Using Data From a Data-Capable Band."  Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint, and denies these allegations on this basis.

16.     Fitbit denies each and every allegation in Paragraph 16 of the Complaint.

17.     Fitbit denies each and every allegation in Paragraph 17 of the Complaint.

18.     Fitbit denies each and every allegation in Paragraph 18 of the Complaint.

19.     Fitbit denies each and every allegation in Paragraph 19 of the Complaint.

20.     Fitbit denies each and every allegation in Paragraph 20 of the Complaint.

### PLAINTIFFS' COUNT 2—INFRINGEMENT OF U.S. PATENT 8,073,707

21.     Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit B a copy of U.S. Patent No. 8,073,707 (the "'707 patent"), that the '707 patent on its face indicates that it was issued on December 6, 2011 and is entitled "System For Detecting, Monitoring, And Reporting An Individual's Physiological Or Contextual Status."  Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint, and denies these allegations on this basis.

3

1   22.   Fitbit denies each and every allegation in Paragraph 22 of the Complaint.

2   23.   Fitbit denies each and every allegation in Paragraph 23 of the Complaint.

3   24.   Fitbit denies each and every allegation in Paragraph 24 of the Complaint.

4   25.   Fitbit denies each and every allegation in Paragraph 25 of the Complaint.

5   26.   Fitbit denies each and every allegation in Paragraph 26 of the Complaint.

6   **PLAINTIFFS' COUNT 3—INFRINGEMENT OF U.S. PATENT 8,398,546**

7   27.   Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit C a

8   copy of U.S. Patent No. 8,398,546 (the "'546 patent"), that the '546 patent on its face indicates that it

9   was issued on March 19, 2013 and is entitled "System For Monitoring And Managing Body Weight

10   And Other Physiological Conditions Including Iterative And Personalized Planning, Intervention And

11   Reporting Capability."  Fitbit lacks knowledge or information sufficient to form a belief about the

12   truth of the remaining allegations in Paragraph 27 of the Complaint, and denies these allegations on

13   this basis.

14   28.   Fitbit denies each and every allegation in Paragraph 28 of the Complaint.

15   29.   Fitbit denies each and every allegation in Paragraph 29 of the Complaint.

16   30.   Fitbit denies each and every allegation in Paragraph 30 of the Complaint.

17   31.   Fitbit denies each and every allegation in Paragraph 31 of the Complaint.

18   32.   Fitbit denies each and every allegation in Paragraph 32 of the Complaint.

19   **RESPONSE TO PLAINTIFFS' JURY DEMAND**

20   33.   A response is not required to Plaintiffs' demand for a jury trial in Paragraph 33 of the

21   Complaint.  To whatever extent a response is deemed required, Fitbit requests a jury trial for all

22   issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

23   **RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

24   Plaintiffs' prayer for relief does not require a response.  To whatever extent a response is

25   deemed required, Fitbit denies that Plaintiffs are entitled to be awarded relief of any kind.  Fitbit

26   denies any and all factual allegations relating to Fitbit contained in Plaintiffs' prayer.  Fitbit has not

27   infringed, directly or indirectly, any valid and enforceable claim of the '275, '707, or '546 patents,

28   and Plaintiffs are not entitled to any remedy or recovery.  Plaintiffs' prayer should therefore be

4

Gibson, Dunn &
Crutcher LLP

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579

1  denied in its entirety and with prejudice, and Plaintiffs should take nothing therefor.  Furthermore,

2  Fitbit denies that this is an exceptional case such that an award of attorney's fees to Plaintiffs is

3  appropriate.

4  ### AFFIRMATIVE AND OTHER DEFENSES

5    34. Further answering the Complaint and as additional answers thereto, Fitbit asserts the

6  following affirmative defenses, all of which are pled in the alternative, and none of which constitutes

7  an admission that Fitbit is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured

8  or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  By pleading these

9  defenses, Fitbit does not in any way agree or concede that it has the burden of proof or persuasion on

10  any of these issues.  In addition to the defenses described below, Fitbit reserves all affirmative

11  defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United

12  States, and any other defenses, in law or in equity, which may now exist or may in the future be

13  available based on discovery and further investigation in this case.

14  ### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

15    35. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by

16  inducement, or in any other manner any valid and enforceable claim of the '275 patent, either literally

17  or by the doctrine of equivalents.  Furthermore, Plaintiffs are precluded under the doctrines of

18  disclaimer and prosecution history estoppel from asserting a scope for any claim of the '275 patent

19  that would encompass any Fitbit product.

20    36. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by

21  inducement, or in any other manner any valid and enforceable claim of the '707 patent, either literally

22  or by the doctrine of equivalents.  Furthermore, Plaintiffs are precluded under the doctrines of

23  disclaimer and prosecution history estoppel from asserting a scope for any claim of the '707 patent

24  that would encompass any Fitbit product.

25    37. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by

26  inducement, or in any other manner any valid and enforceable claim of the '546 patent, either literally

27  or by the doctrine of equivalents.  Furthermore, Plaintiffs are precluded under the doctrines of

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579

1   disclaimer and prosecution history estoppel from asserting a scope for any claim of the '546 patent

2   that would encompass any Fitbit product.

3                    **SECOND AFFIRMATIVE DEFENSE – INVALIDITY**

4        38.     One or more claims of the '275 patent are invalid for failure to satisfy one or more of

5   the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions

6   of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

7        39.     One or more claims of the '707 patent are invalid for failure to satisfy one or more of

8   the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions

9   of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

10       40.     One or more claims of the '546 patent are invalid for failure to satisfy one or more of

11   the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions

12   of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

13               **THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

14       41.     The Complaint fails to state any claim against Fitbit upon which relief can be granted

15   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

16               **FOURTH AFFIRMATIVE DEFENSE – NO EQUITABLE RELIEF**

17       42.     Plaintiffs have an adequate remedy at law and no basis exists for the grant of equitable

18   relief.

19               **FIFTH AFFIRMATIVE DEFENSE – LACHES/ESTOPPEL/WAIVER**

20       43.     Plaintiffs' claims for relief are barred in whole or in part by the equitable doctrines of

21   laches, estoppel, and/or waiver.

22               **SIXTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES**

23       44.     Plaintiffs' claim for damages is limited by 35 U.S.C. § 286.

24                    **SEVENTH AFFIRMATIVE DEFENSE – NO NOTICE**

25       45.     To the extent that Plaintiffs seek damages for any alleged infringement occurring prior

26   to their giving actual notice of the alleged infringement of the Asserted Patents to Fitbit, their claims

27   are barred pursuant to 35 U.S.C. § 287.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579

**EIGHTH AFFIRMATIVE DEFENSE – COSTS BARRED**

46.     Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fitbit demands a trial by jury in this action.

**COUNTERCLAIMS**

For its Counterclaims in the above-captioned action, Fitbit, Inc. ("Fitbit") hereby alleges as follows:

**THE PARTIES**

1.     Fitbit is a Delaware corporation whose principal place of business is located at 405 Howard Street, San Francisco, CA 94105.

2.     On information and belief, AliphCom is a California corporation with its principle place of business located in San Francisco, California.

3.     On information and belief, BodyMedia, Inc., is a Delaware corporation with its principle place of business located in Pittsburgh, Pennsylvania.

4.     On information and belief, BodyMedia is a wholly owned subsidiary of AliphCom.

**JURISDICTION AND VENUE**

5.     These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6.     Venue is proper under at least 28 U.S.C. §§ 1391 and 1400(b).

7.     Plaintiffs AliphCom D/B/A Jawbone and Bodymedia, Inc. ("Plaintiffs") have voluntarily submitted to the personal jurisdiction of the United States District Court, Northern District of California, by virtue of, *inter alia*, bringing this present action in this Court.  Plaintiffs are subject to personal jurisdiction in this judicial district for the purposes of Fitbit's counterclaims.

7

Gibson, Dunn & Crutcher LLP

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579

8.      Plaintiffs have asserted that Fitbit infringes U.S. Patent Nos. 8,446,275 (the "'275 patent"), 8,073,707 (the "'707 patent"), and 8,398,546 (the "'546 patent").  An actual controversy exists between Fitbit and Plaintiffs over the alleged infringement and invalidity of the '275, '707, and '546 patents.

## BACKGROUND

9.      On May 7, 2015, Fitbit announced in SEC filings that it would be pursuing an initial public offering ("IPO").

10.      On May 27, 2015, AliphCom filed a lawsuit against Fitbit in the Superior Court of the State of California for the County of San Francisco, alleging Misappropriation of Trade Secrets and Unfair Business Practices.

11.      Fitbit began marketing its IPO to investors in a roadshow on June 2, 2015.

12.      On June 10, 2015, Plaintiffs filed this second lawsuit in the Northern District of California.

13.      Fitbit began public trading on the New York Stock Exchange on June 18, 2015.

## FIRST COUNTERCLAIM

### (Non-Infringement of the '275 Patent)

14.      Fitbit realleges counterclaim paragraphs 1 through 13 as though fully set forth herein.

15.      Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '275 patent, either literally or under the doctrine of equivalents.  Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '275 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage.  Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

16.      Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '275 patent.

## SECOND COUNTERCLAIM

### (Non-Infringement of the '707 Patent)

17.      Fitbit realleges counterclaim paragraphs 1 through 16 as though fully set forth herein.

8

18. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '707 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '707 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

19. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '707 patent.

## THIRD COUNTERCLAIM

### (Non-Infringement of the '546 Patent)

20. Fitbit realleges counterclaim paragraphs 1 through 19 as though fully set forth herein.

21. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '546 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '546 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

22. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '546 patent.

## FOURTH COUNTERCLAIM

### (Invalidity of the '275 Patent)

23. Fitbit realleges counterclaim paragraphs 1 through 22 as though fully set forth herein.

24. The '275 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

25. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '275 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

26. Accordingly, Fitbit is entitled to a declaratory judgment that the '275 patent is invalid.

9

## FIFTH COUNTERCLAIM

### (Invalidity of the '707 Patent)

27.     Fitbit realleges counterclaim paragraphs 1 through 26 as though fully set forth herein.

28.     The '707 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

29.     Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '707 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage.  Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

30.     Accordingly, Fitbit is entitled to a declaratory judgment that the '707 patent is invalid.

## SIXTH COUNTERCLAIM

### (Invalidity of the '546 Patent)

31.     Fitbit realleges counterclaim paragraphs 1 through 30 as though fully set forth herein.

32.     The '546 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

33.     Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '546 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage.  Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

34.     Accordingly, Fitbit is entitled to a declaratory judgment that the '546 patent is invalid.

## PRAYER FOR RELIEF

FOR THESE REASONS, Fitbit, Inc. respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.     An order declaring that Plaintiffs, their respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint against Fitbit;

b.     A judgment dismissing Plaintiffs' Complaint against Fitbit with prejudice;

10

Gibson, Dunn &
Crutcher LLP

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579

1       c.   A declaration that Fitbit has not and does not infringe, induce infringement, or

2          contribute to any infringement of any valid and enforceable claim of the '275, '707, or

3          '546 patents;

4       d.   A judgment in favor of Fitbit against Plaintiffs declaring that the claims of the '275,

5          '707, and '546 patents are invalid and/or unenforceable;

6       e.   A judgment in favor of Fitbit against Plaintiffs declaring that Plaintiffs' conduct in

7          commencing and pursuing their claims of patent infringement renders this an

8          exceptional case and awarding Fitbit its costs, expenses, and reasonable attorneys' fees

9          under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

10      f.   An order denying Plaintiffs' recovery of any costs;

11      g.   An order awarding Fitbit any such other relief as the Court may deem just and proper

12         under the circumstances.

13  Dated:  July 2, 2015                              Respectfully submitted,

15                                                    GIBSON, DUNN & CRUTCHER LLP

16                                                    By:  _____ */s/  Josh A. Krevitt*_____

17                                                    Attorneys for Defendant and Counterclaimant
                                                      FITBIT, INC.

---

11

Gibson, Dunn &
Crutcher LLP

1

2

## **JURY DEMAND**

3                Defendant Fitbit, Inc. hereby demands a jury trial on all issues so triable.

4      Dated:  July 2, 2015                                    Respectfully submitted,

5

                                                             GIBSON, DUNN & CRUTCHER LLP
6

                                                             By: _____ */s/  Josh A. Krevitt*_____
7

8                                                            Attorneys for Defendant and Counterclaimant
                                                             FITBIT, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

12

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579

Gibson, Dunn &
Crutcher LLP

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I caused to be electronically filed the foregoing Answer and Counterclaim with the Clerk of the Court via CM/ECF.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.


Dated: July 2, 2015.


By:     /s/ *Josh A. Krevitt*

Gibson, Dunn &
Crutcher LLP

DEFENDANT FITBIT, INC.'S ANSWER AND COUNTERCLAIM
Case No. 3:15-cv-2579