KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

MAX L. TRIBBLE, JR. (*Pro Hac Vice*)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
[Tel.] (713) 651-9366
[Fax] (713) 654-6666

*Attorneys for Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc.*
(Additional Counsel for Plaintiffs listed below signature line)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIPHCOM D/B/A JAWBONE and BODYMEDIA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.<br><br>Defendant. | Case No: 3:15-cv-2579-HSG<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT

3768029v1/014661

Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc. (collectively, "Plaintiffs" or "Jawbone"), by their undersigned attorneys, for their complaint against Fitbit, Inc. ("Fitbit"), hereby allege the following:

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.[1] Jawbone seeks damages and injunctive relief for infringement of its patents by Fitbit and Fitbit's wearable fitness tracker devices and associated systems.

2. AliphCom is a corporation organized and existing under the laws of California with its principal place of business located in San Francisco, California.

3. BodyMedia, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. BodyMedia is a wholly owned subsidiary of AliphCom.

4. Plaintiffs are informed and believe, and on that basis allege, that Defendant Fitbit is a corporation organized and existing under the laws of Delaware with its headquarters at 405 Howard Street, San Francisco, CA 94105. Fitbit transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant is located in this District, has committed acts of infringement in violation of 35 U.S.C. § 271, and has placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used and sold in this

---

[1] AliphCom and BodyMedia intend to file a complaint requesting the International Trade Commission (ITC) to commence an investigation pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, of Fitbit's unlawful importation into the United States, sale for importation into the United States, and sale within the United States after importation of products that infringe AliphCom and BodyMedia's patents. The ITC complaint will include some or all of the patents and accused products asserted in this district court action.

District. These acts cause injury to Plaintiffs within the District. Defendant derives revenue from the sale of infringing products distributed within the District, expects or should reasonably expect transactions to have consequences within the District, and derives substantial revenue from interstate and international commerce.

7. Venue is proper in this Federal District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendant has a regular and established place of business in this District, a substantial part of the events giving rise to the claim occurred in this District, and Defendant has committed acts of infringement in this district.

## BACKGROUND

8. Jawbone is a world leader in consumer technology and wearable devices with hundreds of patents that have been granted or are pending related to Jawbone's ecosystem and wearable technology manufacturing processes. In the field of wearable technology, Jawbone's UP® system in connection with its UP Move, UP24, UP2, UP3, and UP4 trackers collect and provide personalized data about how consumers sleep, move and eat. The UP Platform also includes apps and services that integrate with UP devices to offer new, customized experiences.

9. In April 2013, AliphCom acquired BodyMedia for over $100 million and obtained the rights to BodyMedia's expansive patent portfolio in the field of wearable technology.

10. BodyMedia helped to pioneer the development of wearable body monitors that collect physiological data for use in improving health, wellness and fitness. Founded in 1999, BodyMedia patented widely in the field of wearable technology.

11. Together, BodyMedia and Jawbone have almost three decades worth of technology, science and intellectual property around wearable trackers that allow consumers to measure their activity and set wellness goals.

12. Jawbone has invested heavily in its wearable technology business. In just the last two years, Jawbone has spent well over a $100 million in research and development related to its wearable devices along with the technology and underlying systems that support them.
FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                     2

720498v1/014661

1        13.     Jawbone employs over 400 people, spread across Jawbone's San Francisco, Sunnyvale, Pittsburgh, Seattle, and New York facilities as well as overseas. Jawbone's operations include BodyMedia employees and research operations.

         14.     Fitbit competes directly with Jawbone in the market for wearable fitness and activity trackers through its product line, most notably the Zip, One, Flex, Charge, Charge HR, Surge. These trackers – which make up virtually all of Fitbit's wearable technology line – and Fitibit's associated Dashboard application and services platform infringe one or more of the Jawbone patents.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 8,446,275

         15.     On May 21, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,446,275 ("the '275 patent") for an invention entitled "General Health And Wellness Management Method And Apparatus For A Wellness Application Using Data From A Data-Capable Band." AliphCom is the assignee and owner of the '275 patent and holds all rights, title and interests in the '275 patent, including the right to sue for and recover all past, present and future damages for infringement. A true and correct copy of the '275 patent is attached as Exhibit A.

         16.     Fitbit has infringed and continues to infringe one or more claims of the '275 patent by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker devices and Fitbit's associated Dashboard application and services platform, including but not limited to the following: Zip, One, Flex, Charge, Charge HR, Surge, and reasonably similar products.

         17.     Fitbit is liable for its infringement of the '275 patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

         18.     Fitbit knowingly induces others to perform steps that infringe claims of the '275 patent. Fitbit's inducement of infringement includes, but is not limited to: (i) knowledge of the '275 patent; (ii) intent to induce direct infringement of the '275 patent; (iii) knowingly aiding and abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                            3

Dashboard, as well as by providing instruction manuals, online websites including tutorials and frequently asked questions, and other directions that instruct the purchaser or user of an accused device to use that device in a manner that infringes certain claims of the '275 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

19.   Fitbit is also liable for contributory infringement because it offers to sell or sells within the United States or imports into the United States wearable fitness tracker devices that constitute a component of a patented combination and a material part of the invention claimed by the '275 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, which wearable fitness tracker devices are not a staple article or commodity of commerce suitable for substantial noninfringing use.

20.   Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an amount subject to proof at trial.  Fitbit's infringement of Plaintiffs' rights under the '275 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 8,073,707

21.   On December 6, 2011, the United States Patent and Trademark Office issued United States Patent No. 8,073,707 ("the '707 patent") for an invention entitled "System For Detecting, Monitoring, And Reporting An Individual's Physiological Or Contextual Status." BodyMedia is the assignee and owner of the '707 patent and holds all rights, title and interests in the '707 patent, including the right to sue for and recover all past, present and future damages for infringement. A true and correct copy of the '707 patent is attached as Exhibit B.

22.   Fitbit has infringed and continues to infringe one or more claims of the '707 patent by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker devices and Fitbit's associated Dashboard application and services platform, including but not limited to the following:  Charge HR, Surge, and reasonably similar products.

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                                4

720498v1/014661

23. Fitbit is liable for its infringement of the '707 patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

24. Fitbit knowingly induces others to perform steps that infringe claims of the '707 patent. Fitbit's inducement of infringement includes, but is not limited to: (i) knowledge of the '707 patent; (ii) intent to induce direct infringement of the '707 patent; (iii) knowingly aiding and abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit Dashboard, as well as by providing instruction manuals, online websites including tutorials and frequently asked questions, and other directions that instruct the purchaser or user of an accused device to use that device in a manner that infringes certain claims of the '707 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

25. Fitbit is also liable for contributory infringement because it offers to sell or sells within the United States or imports into the United States fitness tracker devices that constitute a component of a patented combination and a material part of the invention claimed by the '707 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, which fitness tracker devices are not a staple article or commodity of commerce suitable for substantial noninfringing use.

26. Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an amount subject to proof at trial. Fitbit's infringement of Plaintiffs' rights under the '707 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 8,398,546**

27. On March 19, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,398,546 ("the '546 patent") for an invention entitled "System For Monitoring And Managing Body Weight And Other Physiological Conditions Including Iterative And Personalized Planning, Intervention And Reporting Capability." BodyMedia is the assignee and owner of the '546 patent and holds all rights, title and interests in the '546 patent, including the

1  right to sue for and recover all past, present and future damages for infringement.  A true and
2  correct copy of the '546 patent is attached as Exhibit C.

3  28. Fitbit has infringed and continues to infringe one or more claims of the '546 patent
4  by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker
5  devices and Fitbit's associated Dashboard application and services platform, including but not
6  limited to the following:  One, Charge, Charge HR, Surge, and reasonably similar products.

7  29. Fitbit is liable for its infringement of the '546 patent pursuant to 35 U.S.C. §
8  271(a), (b), and (c).

9  30. Fitbit knowingly induces others to perform steps that infringe claims of the '546
10 patent.  Fitbit's inducement of infringement includes, but is not limited to:  (i) knowledge of the
11 '546 patent; (ii) intent to induce direct infringement of the '546 patent; (iii) knowingly aiding and
12 abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit
13 Dashboard,  as well as by providing instruction manuals, online websites including tutorials and
14 frequently asked questions, and other directions that instruct the purchaser or user of an accused
15 device to use that device in a manner that infringes certain claims of the '546 patent; and (iv)
16 actual or constructive knowledge that their actions induce infringement.

17 31. Fitbit is also liable for contributory infringement because it offers to sell or sells
18 within the United States or imports into the United States wearable fitness tracker devices that
19 constitute a component of a patented combination and a material part of the invention claimed by
20 the '546 patent, knowing the same to be especially made or especially adapted for use in an
21 infringement of such patent, which wearable fitness tracker devices are not a staple article or
22 commodity of commerce suitable for substantial noninfringing use.

23 32. Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to
24 recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an
25 amount subject to proof at trial.  Fitbit's infringement of Plaintiffs' rights under the '546 patent
26 will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate
27 remedy at law, unless enjoined by this Court.
28

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                    6

720498v1/014661

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 8,529,811

33. On September 10, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,529,811 ("the '811 patent") for an invention entitled "Component Protective Overmolding Using Protective External Coatings." AliphCom is the assignee and owner of the '811 patent and holds all rights, title and interests in the '811 patent, including the right to sue for and recover all past, present and future damages for infringement. A true and correct copy of the '811 patent is attached as Exhibit D.

34. Fitbit has infringed and continues to infringe one or more claims of the '811 patent by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker devices, including but not limited to the following: Charge, Charge HR, Surge, and reasonably similar products.

35. Fitbit is liable for its infringement of the '811 patent pursuant to 35 U.S.C. § 271(a), (b), and (g).

36. Fitbit knowingly induces others to perform steps that infringe claims of the '811 patent. Fitbit's inducement of infringement includes, but is not limited to: (i) knowledge of the '811 patent; (ii) intent to induce direct infringement of the '811 patent; (iii) knowingly aiding and abetting infringement at least by encouraging manufacturers of its infringing products to use the claimed methods in manufacturing Fitbit's infringing wearable fitness tracker devices, as well as by providing product specifications, drawings, designs, and other directions that instruct the manufacturers to make Fitbit devices in a manner that infringes certain claims of the '811 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

37. Fitbit is also liable for infringement under 35 U.S.C. 271(g) because it offers to sell or sells within the United States or imports into the United States wearable fitness tracker devices that are made by processes claimed by the '811 patent.

38. Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an amount subject to proof at trial. Fitbit's infringement of Plaintiffs' rights under the '811 patent

1  will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate
2  remedy at law, unless enjoined by this Court.

**COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 8,793,522**

39.  On July 29, 2014, the United States Patent and Trademark Office issued United States Patent No. 8,793,522 ("the '522 patent") for an invention entitled "Power Management In A Data-Capable Strapband."  AliphCom is the assignee and owner of the '522 patent and holds all rights, title and interests in the '522 patent, including the right to sue for and recover all past, present and future damages for infringement.  A true and correct copy of the '522 patent is attached as Exhibit E.

40.  Fitbit has infringed and continues to infringe one or more claims of the '522 patent by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker devices, including but not limited to the following:  Flex and reasonably similar products.

41.  Fitbit is liable for its infringement of the '522 patent pursuant to 35 U.S.C. § 271(a) and (b).

42.  Fitbit knowingly induces others to perform steps that infringe claims of the '522 patent.  Fitbit's inducement of infringement includes, but is not limited to:  (i) knowledge of the '522 patent; (ii) intent to induce direct infringement of the '522 patent; (iii) knowingly aiding and abetting infringement at least by encouraging manufacturers of its infringing products to make Fitbit's infringing wearable fitness tracker devices, as well as by providing product specifications, drawings, designs, and other directions that instruct the manufacturers to make the devices that infringe certain claims of the '522 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

43.  Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an amount subject to proof at trial.  Fitbit's infringement of Plaintiffs' rights under the '522 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                     8

## COUNT 6 – INFRINGEMENT OF U.S. PATENT NO. 8,961,413

44. On February 24, 2015, the United States Patent and Trademark Office issued United States Patent No. 8,961,413 ("the '413 patent") for an invention entitled "Wireless Communications Device And Personal Monitor." BodyMedia is the assignee and owner of the '413 patent and holds all rights, title and interests in the '413 patent, including the right to sue for and recover all past, present and future damages for infringement. A true and correct copy of the '413 patent is attached as Exhibit F.

45. Fitbit has infringed and continues to infringe one or more claims of the '413 patent by its making, manufacture, use, sale, importation, or offer for sale of its wearable fitness tracker devices and Fitbit's associated Dashboard application and services platform, including but not limited to the following: One, Charge, Charge HR, Flex, Surge, and reasonably similar products.

46. Fitbit is liable for its infringement of the '413 patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

47. Fitbit knowingly induces others to perform steps that infringe claims of the '413 patent. Fitbit's inducement of infringement includes, but is not limited to: (i) knowledge of the '413 patent; (ii) intent to induce direct infringement of the '413 patent; (iii) knowingly aiding and abetting infringement at least by providing and encouraging the use of the Fitbit App and/or Fitbit Dashboard, as well as by providing instruction manuals, online websites including tutorials and frequently asked questions, and other directions that instruct the purchaser or user of an accused device to use that device in a manner that infringes certain claims of the '413 patent; and (iv) actual or constructive knowledge that their actions induce infringement.

48. Fitbit is also liable for contributory infringement because it offers to sell or sells within the United States or imports into the United States wearable fitness tracker devices that constitute a component of a patented combination and a material part of the invention claimed by the '413 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, which wearable fitness tracker devices are not a staple article or commodity of commerce suitable for substantial noninfringing use.

49. Fitbit's acts of infringement have damaged Plaintiffs, and Plaintiffs are entitled to recover from Fitbit the damages they have sustained as a result of Fitbit's wrongful acts in an amount subject to proof at trial. Fitbit's infringement of Plaintiffs' rights under the '413 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

50. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully requests a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Fitbit as follows:

a. Declaring that Defendant has infringed the '275,'707,'546, '811, '522, and '413 patents;

b. Awarding compensatory damages arising out of Defendant's infringement of the '275,'707,'546, '811, '522, and '413 patents to Plaintiffs together with prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining Defendant and its respective officers, agents, employees, and those acting in privity with them from the make, manufacture, use, sale, importation, or offer for sale of products that infringe, including by contributory infringement or induced infringement, the '275,'707,'546, '811, '522, and '413 patents;

d. Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding such other costs and further relief as the Court may deem just and proper.

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                10

720498v1/014661

| | |
|---|---|
| Dated: July 3, 2015 | KALPANA SRINIVASAN<br>MAX L. TRIBBLE, JR. (*Pro Hac Vice*)<br>OLEG ELKHUNOVICH<br>SUSMAN GODFREY LLP<br><br>GENEVIEVE VOSE WALLACE<br>(*Pro Hac Vice*)<br>gwallace@susmangodfrey.com<br>FLOYD G. SHORT (*Pending Pro Hac Vice*)<br>fshort@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, Washington 98101-3000<br>Telephone: (206) 516-3880<br>Facsimile: (206) 516-3883<br><br>TAMAR E. LUSZTIG (*Pro Hac Vice*)<br>SUSMAN GODFREY L.L.P.<br>560 Lexington Ave, 15th Floor<br>New York, New York 10022-6828<br>Telephone: (212) 336-8330<br>Facsimile: (212) 336-8340<br><br>By:   */s/ Kalpana Srinivasan*<br>Kalpana Srinivasan<br>*Attorneys for Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc.* |

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                                            11

720498v1/014661

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2015, I caused to be electronically filed the foregoing First Amended Complaint for Patent Infringement with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.

Dated: July 3, 2015.

By:   /s/ Kalpana Srinivasan

FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT                             12

720498v1/014661