JOSH A. KREVITT (SBN 208552)
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

FREDERICK S. CHUNG (SBN 183337)
fchung@gibsondunn.com
STUART M. ROSENBERG (SBN 239926)
srosenberg@gibsondunn.com
ALISON WATKINS (SBN 253023)
awatkins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 849-5300
Fax: (650) 849-5333

Attorneys for Defendant and Counterclaimant
FITBIT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIPHCOM D/B/A JAWBONE and BODYMEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FITBIT, INC., <br><br> Defendant. | Case No. 3:15-CV-2579-HSG <br><br> **DEFENDANT FITBIT, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** <br><br> **[DEMAND FOR JURY TRIAL]** |

Fitbit, Inc. is a company whose sole and relentless mission is to help people lead healthier, more active lives. Fitbit empowers people to set and reach their goals in many ways, including by providing data, inspiration, and guidance. Consistent with its overriding commitment to the health and well-being of its users, Fitbit has developed critical innovations in the health and fitness market, addressing key needs with advanced technology embedded in cutting-edge but simple-to-use products and services. For nearly a decade, Fitbit has led the way in health and fitness innovation both in the U.S. and abroad, growing rapidly into the leading global health and fitness brand.

Jawbone, by contrast, has never been able to achieve Fitbit's impact, innovation, or success. Unable to compete effectively with Fitbit in the market, Jawbone resorted to launching this meritless patent infringement case against Fitbit—timed to coincide with a meritless state court case—in a desperate and transparent effort to interfere with Fitbit's business.

Fitbit's products do not infringe any of Jawbone's patents—and Jawbone knows it, as this fact is readily discernible to anyone who actually uses Fitbit's products. Jawbone's patents are also invalid, as Jawbone knows full well. In fact, one patent (No. 8,073,707) has already largely been invalidated in reexamination proceedings, another one (No. 8,398,546) comes from patents that have also been invalidated in reexamination proceedings, and a third patent (No. 8,446,275) claims an invention that came after Fitbit's own development of the relevant technology.

Jawbone's filing of this lawsuit asserting patents it knows to be neither infringed nor valid reveals the extent to which Jawbone has abandoned any hope of actually competing with Fitbit in the burgeoning health and fitness market—of creating the kind of exciting, useful, and innovative products that Fitbit will continue to produce for the benefit of health-conscious people everywhere.

Defendant Fitbit, Inc. ("Fitbit"), by its attorneys, hereby answers the First Amended Complaint filed against it by Plaintiffs AliphCom d/b/a Jawbone and Bodymedia, Inc. ("Plaintiffs") on July 3, 2015 (a court holiday). Anything in Plaintiffs' Complaint that is not expressly admitted is hereby denied.

**NATURE OF THE ACTION**

1.      Fitbit admits that Plaintiffs purport to bring an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Fitbit admits that

Plaintiffs' Complaint seeks injunctive relief and monetary damages. Fitbit denies the legal sufficiency of Plaintiffs' claims and allegations against Fitbit, and denies that Plaintiffs have any viable claim thereunder. Fitbit denies any remaining allegations of Paragraph 1 of Plaintiffs' Complaint.

**PARTIES**

2. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and denies these allegations on this basis.

3. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, and denies these allegations on this basis.

4. Fitbit admits that it is a Delaware corporation with its headquarters at 405 Howard Street, San Francisco, CA 94015. Fitbit admits that it transacts business in the United States and in this judicial district.

**JURISDICTION AND VENUE**

5. Fitbit admits that this Court has original jurisdiction over claims for patent infringement pursuant to 28 U.S.C. § 1331 and 1338(a).

6. Fitbit admits that it is located in this District. Except as expressly admitted, Fitbit denies each and every remaining allegation of Paragraph 6.

7. For the purposes of this action, Fitbit admits that venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b). Fitbit denies the remaining allegations in Paragraph 7 of the Complaint.

**BACKGROUND**

8. Fitbit admits that Jawbone markets products called "UP Move," "UP24," "UP2," "UP3," and "UP4." Fitbit admits that Jawbone markets a platform called "UP" that includes apps and services. Fitbit denies the remaining allegations in Paragraph 8 of the Complaint, including the notion that Jawbone is a "world leader in consumer technology and wearable devices."

9. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and denies these allegations on this basis.

10. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and denies these allegations on this basis.

11. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and denies these allegations on this basis.

12. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and denies these allegations on this basis.

13. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and denies these allegations on this basis.

14. Fitbit admits that its product line includes the Zip, One, Flex, Charge, Charge HR, and Surge products. Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Complaint, and denies these allegations on this basis.

**PLAINTIFFS' COUNT 1—INFRINGEMENT OF U.S. PATENT 8,446,275**

15. Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit A a copy of U.S. Patent No. 8,446,275 (the "'275 patent"), and that the '275 patent on its face indicates that it was issued on May 21, 2013 and is entitled "General Health And Wellness Management Method And Apparatus For A Wellness Application Using Data From A Data-Capable Band." Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint, and denies these allegations on this basis.

16. Fitbit denies each and every allegation in Paragraph 16 of the Complaint.

17. Fitbit denies each and every allegation in Paragraph 17 of the Complaint.

18. Fitbit denies each and every allegation in Paragraph 18 of the Complaint.

19. Fitbit denies each and every allegation in Paragraph 19 of the Complaint.

20. Fitbit denies each and every allegation in Paragraph 20 of the Complaint.

**PLAINTIFFS' COUNT 2—INFRINGEMENT OF U.S. PATENT 8,073,707**

21. Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit B a copy of U.S. Patent No. 8,073,707 (the "'707 patent"), and that the '707 patent on its face indicates that it was issued on December 6, 2011 and is entitled "System For Detecting, Monitoring, And Reporting An Individual's Physiological Or Contextual Status." Fitbit lacks knowledge or

3

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint, and denies these allegations on this basis.

22. Fitbit denies each and every allegation in Paragraph 22 of the Complaint.

23. Fitbit denies each and every allegation in Paragraph 23 of the Complaint.

24. Fitbit denies each and every allegation in Paragraph 24 of the Complaint.

25. Fitbit denies each and every allegation in Paragraph 25 of the Complaint.

26. Fitbit denies each and every allegation in Paragraph 26 of the Complaint.

**PLAINTIFFS' COUNT 3—INFRINGEMENT OF U.S. PATENT 8,398,546**

27. Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit C a copy of U.S. Patent No. 8,398,546 (the "'546 patent"), and that the '546 patent on its face indicates that it was issued on March 19, 2013 and is entitled "System For Monitoring And Managing Body Weight And Other Physiological Conditions Including Iterative And Personalized Planning, Intervention And Reporting Capability."  Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the Complaint, and denies these allegations on this basis.

28. Fitbit denies each and every allegation in Paragraph 28 of the Complaint.

29. Fitbit denies each and every allegation in Paragraph 29 of the Complaint.

30. Fitbit denies each and every allegation in Paragraph 30 of the Complaint.

31. Fitbit denies each and every allegation in Paragraph 31 of the Complaint.

32. Fitbit denies each and every allegation in Paragraph 32 of the Complaint.

**PLAINTIFFS' COUNT 4—INFRINGEMENT OF U.S. PATENT 8,529,811**

33. Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit D a copy of U.S. Patent No. 8,529,811 (the "'811 patent"), and that the '811 patent on its face indicates that it was issued on September 10, 2013 and is entitled "Component Protective Overmolding Using Protective External Coatings."  Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Complaint, and denies these allegations on this basis.

34. Fitbit denies each and every allegation in Paragraph 34 of the Complaint.

4

35. Fitbit denies each and every allegation in Paragraph 35 of the Complaint.

36. Fitbit denies each and every allegation in Paragraph 36 of the Complaint.

37. Fitbit denies each and every allegation in Paragraph 37 of the Complaint.

38. Fitbit denies each and every allegation in Paragraph 38 of the Complaint.

**PLAINTIFFS' COUNT 5—INFRINGEMENT OF U.S. PATENT 8,793,522**

39. Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit E a copy of U.S. Patent No. 8,793,522 (the "'522 patent"), and that the '522 patent on its face indicates that it was issued on July 29, 2014 and is entitled "Power Management In A Data-Capable Strapband." Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Complaint, and denies these allegations on this basis.

40. Fitbit denies each and every allegation in Paragraph 40 of the Complaint.

41. Fitbit denies each and every allegation in Paragraph 41 of the Complaint.

42. Fitbit denies each and every allegation in Paragraph 42 of the Complaint.

43. Fitbit denies each and every allegation in Paragraph 43 of the Complaint.

**PLAINTIFFS' COUNT 6—INFRINGEMENT OF U.S. PATENT 8,961,413**

44. Fitbit admits that Plaintiffs purport to have attached to its Complaint as Exhibit F a copy of U.S. Patent No. 8,961,413 (the "'413 patent"), and that the '413 patent on its face indicates that it was issued on February 24, 2015 and is entitled "Wireless Communications Device And Personal Monitor." Fitbit lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint, and denies these allegations on this basis.

45. Fitbit denies each and every allegation in Paragraph 45 of the Complaint.

46. Fitbit denies each and every allegation in Paragraph 46 of the Complaint.

47. Fitbit denies each and every allegation in Paragraph 47 of the Complaint.

48. Fitbit denies each and every allegation in Paragraph 48 of the Complaint.

49. Fitbit denies each and every allegation in Paragraph 49 of the Complaint.

### RESPONSE TO PLAINTIFFS' JURY DEMAND

50. A response is not required to Plaintiffs' demand for a jury trial in Paragraph 50 of the Complaint. To whatever extent a response is deemed required, Fitbit requests a jury trial for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' prayer for relief does not require a response. To whatever extent a response is deemed required, Fitbit denies that Plaintiffs are entitled to be awarded relief of any kind. Fitbit denies any and all factual allegations relating to Fitbit contained in Plaintiffs' prayer. Fitbit has not infringed, directly or indirectly, any valid and enforceable claim of the '275, '707, '546, '811, '522, or '413 patents, and Plaintiffs are not entitled to any remedy or recovery. Plaintiffs' prayer should therefore be denied in its entirety and with prejudice, and Plaintiffs should take nothing therefor. Furthermore, Fitbit denies that this is an exceptional case such that an award of attorney's fees to Plaintiffs is appropriate.

### AFFIRMATIVE AND OTHER DEFENSES

51. Further answering the Complaint and as additional answers thereto, Fitbit asserts the following affirmative defenses, all of which are pled in the alternative, and none of which constitutes an admission that Fitbit is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. By pleading these defenses, Fitbit does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues. In addition to the defenses described below, Fitbit reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, in law or in equity, which may now exist or may in the future be available based on discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

52. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '275 patent, either literally or by the doctrine of equivalents. Furthermore, Plaintiffs are precluded under the doctrines of

disclaimer and prosecution history estoppel from asserting a scope for any claim of the '275 patent that would encompass any Fitbit product.

53. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '707 patent, either literally or by the doctrine of equivalents. Furthermore, Plaintiffs are precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the '707 patent that would encompass any Fitbit product.

54. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '546 patent, either literally or by the doctrine of equivalents. Furthermore, Plaintiffs are precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the '546 patent that would encompass any Fitbit product.

55. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '811 patent, either literally or by the doctrine of equivalents. Furthermore, Plaintiffs are precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the '811 patent that would encompass any Fitbit product.

56. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '522 patent, either literally or by the doctrine of equivalents. Furthermore, Plaintiffs are precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the '522 patent that would encompass any Fitbit product.

57. Fitbit has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '413 patent, either literally or by the doctrine of equivalents. Furthermore, Plaintiffs are precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the '413 patent that would encompass any Fitbit product.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

58. One or more claims of the '275 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

59. One or more claims of the '707 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

60. One or more claims of the '546 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

61. One or more claims of the '811 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

62. One or more claims of the '522 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

63. One or more claims of the '413 patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

64. The Complaint fails to state any claim against Fitbit upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE – NO EQUITABLE RELIEF

65. Plaintiffs have an adequate remedy at law and no basis exists for the grant of equitable relief.

## FIFTH AFFIRMATIVE DEFENSE – LACHES/ESTOPPEL/WAIVER

66. Plaintiffs' claims for relief are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

67. Plaintiffs' claim for damages is limited by 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE – NO NOTICE

68. To the extent that Plaintiffs seek damages for any alleged infringement occurring prior to their giving actual notice of the alleged infringement of the Asserted Patents to Fitbit, their claims are barred pursuant to 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE – COSTS BARRED

69. Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fitbit demands a trial by jury in this action.

### COUNTERCLAIMS

For its Counterclaims in the above-captioned action, Fitbit, Inc. ("Fitbit") hereby alleges as follows:

### THE PARTIES

1. Fitbit is a Delaware corporation whose principal place of business is located at 405 Howard Street, San Francisco, CA 94105.

2. On information and belief, AliphCom is a California corporation with its principle place of business located in San Francisco, California.

3. On information and belief, BodyMedia, Inc., is a Delaware corporation with its principle place of business located in Pittsburgh, Pennsylvania.

4. On information and belief, BodyMedia is a wholly owned subsidiary of AliphCom.

### JURISDICTION AND VENUE

5. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

9

6. Venue is proper under at least 28 U.S.C. §§ 1391 and 1400(b).

7. Plaintiffs AliphCom d/b/a Jawbone and Bodymedia, Inc. ("Plaintiffs") have voluntarily submitted to the personal jurisdiction of the United States District Court, Northern District of California, by virtue of, *inter alia*, bringing this present action in this Court. Plaintiffs are subject to personal jurisdiction in this judicial district for the purposes of Fitbit's counterclaims.

8. Plaintiffs have asserted that Fitbit infringes U.S. Patent Nos. 8,446,275 (the "'275 patent"), 8,073,707 (the "'707 patent"), 8,398,546 (the "'546 patent"), 8,529,811 (the "'811 patent"), 8,793,522 (the "'522 patent"), and 8,961,413 (the "'413 patent"). An actual controversy exists between Fitbit and Plaintiffs over the alleged infringement and invalidity of the '275, '707, '546, '811, '522, and '413 patents.

## BACKGROUND

9. On May 7, 2015, Fitbit announced in SEC filings that it would be pursuing an initial public offering ("IPO").

10. On May 27, 2015, AliphCom filed a lawsuit against Fitbit in the Superior Court of the State of California for the County of San Francisco, alleging Misappropriation of Trade Secrets and Unfair Business Practices.

11. Fitbit began marketing its IPO to investors in a roadshow on June 2, 2015.

12. On June 10, 2015, Plaintiffs filed this second lawsuit in the Northern District of California.

13. Fitbit began public trading on the New York Stock Exchange on June 18, 2015.

## FIRST COUNTERCLAIM

**(Non-Infringement of the '275 Patent)**

14. Fitbit realleges counterclaim paragraphs 1 through 13 as though fully set forth herein.

15. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '275 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '275 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

DEFENDANT FITBIT, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM
Case No. 3:15-cv-2579

Gibson, Dunn & Crutcher LLP

16. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '275 patent.

## SECOND COUNTERCLAIM

**(Non-Infringement of the '707 Patent)**

17. Fitbit realleges counterclaim paragraphs 1 through 16 as though fully set forth herein.

18. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '707 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '707 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

19. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '707 patent.

## THIRD COUNTERCLAIM

**(Non-Infringement of the '546 Patent)**

20. Fitbit realleges counterclaim paragraphs 1 through 19 as though fully set forth herein.

21. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '546 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '546 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

22. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '546 patent.

## FOURTH COUNTERCLAIM

**(Non-Infringement of the '811 Patent)**

23. Fitbit realleges counterclaim paragraphs 1 through 22 as though fully set forth herein.

24. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '811 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue

DEFENDANT FITBIT, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM
Case No. 3:15-cv-2579

Gibson, Dunn & Crutcher LLP

to wrongfully assert the '811 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

25. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '811 patent.

### FIFTH COUNTERCLAIM

### (Non-Infringement of the '522 Patent)

26. Fitbit realleges counterclaim paragraphs 1 through 25 as though fully set forth herein.

27. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '522 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '522 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

28. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '522 patent.

### SIXTH COUNTERCLAIM

### (Non-Infringement of the '413 Patent)

29. Fitbit realleges counterclaim paragraphs 1 through 28 as though fully set forth herein.

30. Fitbit has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid, enforceable claim of the '413 patent, either literally or under the doctrine of equivalents. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '413 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

31. Accordingly, Fitbit is entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '413 patent.

### SEVENTH COUNTERCLAIM

### (Invalidity of the '275 Patent)

32. Fitbit realleges counterclaim paragraphs 1 through 31 as though fully set forth herein.

33. The '275 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

34. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '275 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

35. Accordingly, Fitbit is entitled to a declaratory judgment that the '275 patent is invalid.

## EIGHTH COUNTERCLAIM

**(Invalidity of the '707 Patent)**

36. Fitbit realleges counterclaim paragraphs 1 through 35 as though fully set forth herein.

37. The '707 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

38. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '707 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

39. Accordingly, Fitbit is entitled to a declaratory judgment that the '707 patent is invalid.

## NINTH COUNTERCLAIM

**(Invalidity of the '546 Patent)**

40. Fitbit realleges counterclaim paragraphs 1 through 39 as though fully set forth herein.

41. The '546 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

42. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '546 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

43. Accordingly, Fitbit is entitled to a declaratory judgment that the '546 patent is invalid.

## TENTH COUNTERCLAIM

### (Invalidity of the '811 Patent)

44. Fitbit realleges counterclaim paragraphs 1 through 43 as though fully set forth herein.

45. The '811 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

46. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '811 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage.  Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

47. Accordingly, Fitbit is entitled to a declaratory judgment that the '811 patent is invalid.

## ELEVENTH COUNTERCLAIM

### (Invalidity of the '522 Patent)

48. Fitbit realleges counterclaim paragraphs 1 through 47 as though fully set forth herein.

49. The '522 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

50. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '522 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage.  Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

51. Accordingly, Fitbit is entitled to a declaratory judgment that the '522 patent is invalid.

## TWELFTH COUNTERCLAIM

### (Invalidity of the '413 Patent)

52. Fitbit realleges counterclaim paragraphs 1 through 51 as though fully set forth herein.

53. The '413 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

54. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '413 patent against Fitbit, and thereby cause Fitbit irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiffs and Fitbit.

55. Accordingly, Fitbit is entitled to a declaratory judgment that the '413 patent is invalid.

## **PRAYER FOR RELIEF**

FOR THESE REASONS, Fitbit, Inc. respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order declaring that Plaintiffs, their respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint against Fitbit;

b. A judgment dismissing Plaintiffs' Complaint against Fitbit with prejudice;

c. A declaration that Fitbit has not and does not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the '275, '707, '546, '811, '522, or '413 patents;

d. A judgment in favor of Fitbit against Plaintiffs declaring that the claims of the '275, '707, '546, '811, '522, and '413 patents are invalid and/or unenforceable;

e. A judgment in favor of Fitbit against Plaintiffs declaring that Plaintiffs' conduct in commencing and pursuing their claims of patent infringement renders this an exceptional case and awarding Fitbit its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

f. An order denying Plaintiffs' recovery of any costs;

g. An order awarding Fitbit any such other relief as the Court may deem just and proper under the circumstances.

Dated: July 20, 2015

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Josh A. Krevitt_____

Attorneys for Defendant and Counterclaimant
FITBIT, INC.

## **JURY DEMAND**

Defendant Fitbit, Inc. hereby demands a jury trial on all issues so triable.

Dated:  July 20, 2015

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/  Josh A. Krevitt_____

Attorneys for Defendant and Counterclaimant
FITBIT, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2015, I caused to be electronically filed the foregoing Answer and Counterclaim with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.

Dated: July 20, 2015.

By:   /s/ *Josh A. Krevitt*