KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
[Tel.] (310) 789-3100
[Fax] (310) 789-3150

MAX L. TRIBBLE, JR. (*Pro Hac Vice*)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
[Tel.] (713) 651-9366
[Fax] (713) 654-6666

*Attorneys for Plaintiffs AliphCom and Bodymedia, Inc.*
(Additional Counsel for Plaintiffs listed below signature line)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALIPHCOM d/b/a JAWBONE and BODYMEDIA, INC.

Plaintiffs,

v.

FITBIT, INC.

Defendant.

Case No: 3:15-cv-2579-HSG

**ALIPHCOM d/b/a JAWBONE AND BODYMEDIA, INC.'S ANSWER TO DEFENDANT FITBIT, INC.'S COUNTERCLAIMS**

JURY TRIAL DEMANDED

Plaintiffs ALIPHCOM d/b/a JAWBONE and BODYMEDIA, INC. ("Plaintiffs") hereby answer the Counterclaims of Defendant FITBIT, INC. ("Fitbit"). Plaintiffs deny the allegations in Fitbit's counterclaims unless expressly admitted in the following paragraphs.

**THE PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

**JURISDICTION AND VENUE**

5. Plaintiffs admit that Defendant purports to bring counterclaims under the patent laws of the United States and the Federal Declaratory Judgment Act, but denies that Defendant has stated a cause of action or any grounds for relief. Plaintiffs admit that this Court has jurisdiction over counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. Plaintiffs admit that venue is proper in this District.

7. Plaintiffs admit that for the purposes of this action, they are subject to the personal jurisdiction of this Court.

8. Admitted.

**BACKGROUND**

9. Plaintiffs admit that on May 7, 2015, Fitbit filed Form S-1 Registration Statement with the SEC.

10. Plaintiffs admit that on May 27, 2015, AliphCom filed a lawsuit against Fitbit in the Superior Court of the State of California for the County of San Francisco.

11. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of Fitbit's Counterclaims, and deny these allegations on that basis.

12. Plaintiffs admit that they filed this lawsuit.

13. Admitted.

**FIRST COUNTERCLAIM**

**(Non-Infringement of the ’275 Patent)**

14. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 13.

15. Denied.

16. Denied.

**SECOND COUNTERCLAIM**

**(Non-Infringement of the ’707 Patent)**

17. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 16.

18. Denied.

19. Denied.

**THIRD COUNTERCLAIM**

**(Non-Infringement of the ’546 Patent)**

20. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 19.

21. Denied.

22. Denied.

**FOURTH COUNTERCLAIM**

**(Non-Infringement of the ’811 Patent)**

23. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 22.

24. Denied.

25. Denied.

**FIFTH COUNTERCLAIM**

**(Non-Infringement of the ’522 Patent)**

26. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 25.

27. Denied.

28. Denied.

**SIXTH COUNTERCLAIM**

**(Non-Infringement of the ’413 Patent)**

29. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 28.

30. Denied.

31. Denied.

**SEVENTH COUNTERCLAIM**

**(Invalidity of the ’275 Patent)**

32. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 31.

33. Denied.

34. Denied, including on the basis that the allegation is unintelligible in that it appears to conflate a declaration of invalidity with non-infringement.

35. Denied.

**EIGHTH COUNTERCLAIM**

**(Invalidity of the ’707 Patent)**

36. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 35.

37. Denied.

38. Denied, including on the basis that the allegation is unintelligible in that it appears to conflate a declaration of invalidity with non-infringement.

39. Denied.

**NINTH COUNTERCLAIM**

**(Invalidity of the ’546 Patent)**

40. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 39.

41. Denied.

42. Denied, including on the basis that the allegation is unintelligible in that it appears to conflate a declaration of invalidity with non-infringement.

43. Denied.

**TENTH COUNTERCLAIM**

**(Invalidity of the ’811 Patent)**

44. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 43.

45. Denied.

46. Denied, including on the basis that the allegation is unintelligible in that it appears to conflate a declaration of invalidity with non-infringement.

47. Denied.

**ELEVENTH COUNTERCLAIM**

**(Invalidity of the ’522 Patent)**

48. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 47.

49. Denied.

50. Denied, including on the basis that the allegation is unintelligible in that it appears to conflate a declaration of invalidity with non-infringement.

51. Denied.

**TWELFTH COUNTERCLAIM**

**(Invalidity of the ’413 Patent)**

52. This paragraph requires no response, but to the extent it does, Plaintiffs incorporate their responses to paragraphs 1 through 51.

53. Denied.

54. Denied, including on the basis that the allegation is unintelligible in that it appears to conflate a declaration of invalidity with non-infringement.

55. Denied.

**PRAYER FOR RELIEF**

Fitbit's prayer for relief requires no response, but to the extent it does, Plaintiffs deny that Fitbit is entitled to any relief, and deny any and all factual allegations contained in Fitibit's prayer.

WHEREFORE, Plaintiffs request entry of judgement in their favor and against Fitbit as follows:

a. Declaring that Defendants have infringed the '275,'707, '546, '811, '522, and '413 patents;

b. Awarding compensatory damages arising out of Defendants' infringement of the '275,'707, '546, '811, '522, and '413 patents to Plaintiffs together with prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining Defendants and their respective officers, agents, employees, and those acting in privity with them from the make, manufacture, use, sale, importation, or offer for sale of products that infringe, including by contributory infringement or induced infringement, the '275,'707, '546, '811, '522, and '413 patents;

d. Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: July 23, 2015

KALPANA SRINIVASAN
MAX L. TRIBBLE, JR. (*Pro Hac Vice*)
OLEG ELKHUNOVICH
SUSMAN GODFREY LLP

GENEVIEVE VOSE WALLACE (*Pro Hac Vice* )
gwallace@susmangodfrey.com
FLOYD G. SHORT (*Pro Hac Vice* )
fshort@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

TAMAR E. LUSZTIG (*Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Ave, 15th Floor
New York, New York 10022-6828
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

By: */s/* Kalpana Srinivasan
Kalpana Srinivasan
*Attorneys for Plaintiffs AliphCom and Bodymedia, Inc.*