KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

MAX L. TRIBBLE, JR. (Pending Admission *Pro Hac Vice*)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiffs AliphCom and Bodymedia, Inc.*
(Additional Counsel listed below signature lines)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALIPHCOM and BODYMEDIA, INC.

Plaintiffs,

v.

FITBIT, INC.

Defendant.

Case No: 3:15-cv-02579-HSG

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STAY DUE TO PARALLEL ITC PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

| | |
|---|---|
| Date: | November 12, 2015 |
| Time: | 2:00 PM |
| Courtroom: | 15 |
| Judge: | Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, November 12, 2015, at 2:00 PM, or as soon thereafter as this matter may be heard before Judge Haywood S. Gilliam, Jr., in Courtroom 15, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs AliphCom d/b/a Jawbone and Bodymedia, Inc. ("Jawbone" or "Plaintiffs") will, and hereby do, move the Court to stay this litigation pending a final resolution of the parallel Investigation before the International Trade Commission ("ITC") for the reasons explained in the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

It is routine and customary for co-pending parallel district court litigation to be stayed pending the resolution of the ITC investigation involving overlapping issues. Indeed, Congress has made such a stay statutorily mandatory when the case "involves the same issues involved in the proceeding before the Commission," and a stay is requested by a defendant within the statutorily established period of time. 28 U.S.C. § 1659; *see also Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006) ("[T]he district court must await a final decision from the Commission before proceeding with its action."). "The purpose of § 1659(a) [is] to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007). Thus, efficiency and expedient administration of justice are the paramount issues in considering whether a district court case should be stayed. For this reason, stays are often requested by joint stipulations or unopposed motions. *See, e.g.*, *FMC Corp. v. Summit Agro USA, LLC*, No. 14–51–LPS, 2014 WL 6627727, at *4 (D. Del. Nov. 14, 2014); *Solomon Techs., Inc. v. Toyota Motor Corp.*, No. 8:05–cv–1702–T–MAP, 2010 WL 715243, at *1 (M.D. Fla. Jan. 26, 2010); *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-4063 CW, 2007 WL 3232441, at *2 (N.D. Cal. Nov. 1, 2007); *BenQ America Corp v. Forward Elecs. Co., Ltd.*, No. C 05-2409 PJH, 2005 WL 3445629, at *1 (N.D. Cal. Dec. 15, 20015). Moreover, in addition to mandatory stays pursuant to § 1659, courts use their discretionary power to stay cases with non-overlapping but related claims to promote efficiency. *See, e.g.*,

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*, No. CV-06-07159 JSW, 2008 WL 361128, at *3–4 (N.D. Cal. Feb. 11, 2008) (staying the entirety of the action pending the resolution of the ITC investigation involving some but not all claims in suit overlapped with the ITC investigation and noting that "if the ITC proceedings bear on the issues of this case, it would be the most efficient and fairest course of action to stay the remaining claims of this action.").

These courts and Congress also recognize implicitly that there is nothing remarkable about a patentee filing a parallel patent infringement action in the district court prior to filing its complaint with the ITC. Reasons for doing so include avoiding the risk of a declaratory judgment in district court while the ITC action is pending and setting the damages period under 35 U.S.C. § 286.

Rejecting efficiency considerations envisioned by Congress, Defendant Fitbit, Inc. ("Fitbit") chose not to seek a stay of this action, preferring to engage in duplicative litigation in parallel forums. Doing so will unnecessarily waste the parties' and judicial resources. On the other hand, staying this action pending the ITC investigation would result in simplification of the issues for both the parties and the Court. The ITC proceeding involves all the liability issues that will confront this Court—specifically claim construction, infringement, invalidity, and unenforceability of the patents in suit. The record of the ITC proceedings may be used to "expedite proceedings and provide useful information to the court." *Sandisk Corp v. Phison Electronics Corp.*, 538 F. Supp. 2d 1060, 1067 (quoting H.R.Rep. No. 103–826(1), at 142, as reprinted in 1994 U.S.C.C.A.N. at 3914). The ITC investigation is well on its way and is targeted to conclude on December 21, 2016, with a *Markman* hearing set on December 18, 2015, a trial commencing on May 9, 2016, and an initial determination by the Chief Administrative Law Judge due on August 19, 2016. This case has just begun—neither the parties nor the Court would lose any efficiencies by staying this case until the ITC investigation is completed and final.

Fitbit's apparent motivation for seeking duplicative litigation is to bring a motion for judgment on the pleadings of invalidity under section 101 of the Patent Act on some—but not all—of the claims of the patents-in-suit. But nothing prevents Fitbit from raising its invalidity arguments in the ITC proceeding today via a motion for summary determination pursuant to 19

CFR 210.18. A response to such a motion would be due within 10 days of its filing and would be promptly considered by the Chief Administrative Law Judge assigned to the ITC investigation. Thus, there is no harm to Fitbit as the very motion it seeks to be raised can be brought in the forum in which the case is currently set for trial in May 2016. Fitbit's contemplated motion in this case does nothing to expedite the resolution of the claims and invites an unwelcome possibility of inconsistent results in parallel proceedings. The Court should reject Fitbit's approach and use its discretionary power to stay this case pending the resolution of the ITC investigation.

## II. RELEVANT FACTS

On June 6, 2015, Plaintiffs filed their complaint against Fitbit for infringement of U.S. Patent Nos. 8,446, 275; 8,073, 707; and 8,398,546. Dkt. 1. Fitbit did not move to dismiss the claims and instead filed its answer on July 2, 2015. Dkt. 26. On July 3, 2015, Plaintiffs filed their first amended complaint, adding claims for infringement of U.S. Patent Nos. 8,529,811; 8,793,522; and 8,961,413. Dkt. 29. Fitbit again did not move to dismiss the claims and filed its answer to the first amended complaint on July 23, 2015. Dkt. 34. No discovery has taken place in this case.

On July 7, 2015, Plaintiffs filed a complaint in the ITC, alleging violations of section 337 of the Tariff Act of 1930, 10 U.S.C. § 1337, by Fitbit's importation into the United States, sale for importation, and sale within the United States after importation of wearable fitness trackers that infringe the six patents-in-suit, as well as Fitbit's misappropriation of Plaintiffs' trade secrets. On August 17, 2015, the ITC instituted an investigation of Plaintiffs' claims. 80 Fed. Reg. 162 (Aug. 21, 2015). The investigation number is 337-TA-963.

On September 10, 2015, the ITC's Chief Administrative Law Judge Charles E. Bullock issued Order No. 4: Order Setting Target Date and Date for Submission of Proposed Procedural Schedule, setting a 16-month target date of December 21, 2016, for completion of the ITC Investigation and scheduling the evidentiary hearing in the ITC matter to be held eight months later, from May 9 to May 16, 2016. On September 29, 2015, CALJ Bullock issued Order No. 5:

Setting the Procedural Schedule (attached as Exhibit A), which contemplates the following key deadlines:

| | |
|---|---|
| *Markman* hearing | December 18, 2015 |
| Fact discovery cutoff and completion | January 29, 2016 |
| Expert discovery cutoff and completion | March 3, 2016 |
| Deadline for filing summary determination motions | March 10, 2016 |
| Initial Determination due | August 19, 2016 |

Discovery is underway in the ITC Investigation. Each party served its first set of requests for production of documents and things, and first set of interrogatories, on August 24, 2015. Each party served its responses to the first round of discovery requests on September 11, 2015 and Jawbone produced nearly 100,000 pages of documents to Respondents. Jawbone also served notices of depositions for Fitbit's Rule 30(b)(6) corporate representatives and several individual Fitbit witnesses, which will cover topics relating to Fitbit's alleged infringement of the patents asserted in this case.

**III. LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). In deciding whether to exercise that discretionary power, courts consider three nonexclusive factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV. ARGUMENT

The liability issues in this case overlap completely with the patent infringement claims in the pending ITC Investigation. Each of the patents asserted in this case is currently the subject of the ITC Investigation. The schedule of the ITC Investigation already has been set and discovery in the ITC will be completed by early 2016 with a hearing on Jawbone's claims of patent infringement by May 2016. Comparing the Joint Proposed Procedural Schedule in the ITC Investigation with the schedule proposed in accordance with the Local Patent Rules below in Section 22, the trial in the ITC will most likely be complete (on May 16, 2016) at approximately the time the parties are before this Court on their *Markman* hearing. Fact discovery in the ITC Investigation will close months before it is completed in this case (January 19, 2016 vs. 90 days after the issuance of the Claim Construction Order with briefing on claim construction issues scheduled to be completed 3 months later on April 1, 2016). Accordingly, parallel litigation in the district court and in the ITC is highly inefficient, and the Court should stay this case pending the resolution of the ITC Investigation.

### A. The Circumstances Of This Case Weigh In Favor Of A Stay.

Section 1659 does not limit the Court's power to use its discretion to issue a stay where the circumstances of the case fall outside the statutory requirements. To the contrary, "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Zenith Electronics LLC v. Sony Corp.*, No. C 11–02439 WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011) (citing H.R. Rep. No. 103–826(I), at 141). Thus, courts have granted discretionary stays notwithstanding that the district court action concerns patents not at issue in the ITC investigation.[1] Similarly, that the party seeking a stay is not a Respondent in the ITC

[1] *See, e.g.*, *Alloc v. Unilin Décor N.V.*, 2003 WL 21640372 at *1 (staying action for infringement of a continuation of patents being reviewed by the Federal Circuit following an ITC investigation,

proceedings does not militate against a discretionary stay pending the ITC investigation. Indeed, discretionary stays have been granted as to parties who are not even parties to the ITC proceedings.[2] Therefore, the Court's power to grant a discretionary stay is not tethered to the stricter requirements for a mandatory stay under § 1659.

Here, the instant district court litigation is not just related, but entirely duplicative of the ITC Investigation. Applying the three *Lockyer* factors to the circumstances of this case unambiguously weighs in favor an issuance of a discretionary stay.

*First*, there is no possible damage to Fitbit—the defendant here—that may result from the grant of a stay. This first prong of the analysis is generally raised by plaintiffs who may suffer prejudice from the delay imposed by a stay. *See, e.g.*, *FormFactor v. Micronics Japan Co., Ltd.*, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) (rejecting the defendant's argument that it will suffer harm if the district court case is not stayed pending the resolution of the ITC investigation because the defendant could not immediately seek the injunctive relief requested for the non-overlapping patents and damages). Axiomatically, a defendant is not prejudiced by a stay of the case against it.

Fitbit suggests it would be harmed if this action is stayed before its challenge to Jawbone's patents under Section 101 is considered. This argument is without merit. Fitbit is free to raise any validity challenge and all other defenses in the ITC Investigation. The ITC Rules provide for a highly expedited summary determination procedure that provides Fitbit with full opportunity to raise its validity arguments as early as now. *See* 19 C.F.R. § 210.18. Once such a motion is filed,

---

(… cont'd)
citing their similar subject matter); *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, 2008 WL 361128, *1 (N.D. Cal. 2008) (granting a discretionary stay as to two patents not at issue in pending ITC proceedings); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750, *4 (N.D. Ohio 2005) (citing *Alloc* in granting a discretionary stay though one of the asserted patents was not at issue in the ITC proceedings); *SanDisk Corp. v. Phison Electronics Corp.*, 538 F. Supp. 2d 1060, 1063 (W.D. Wis. 2008) (granting discretionary stay though neither of the two asserted patents was at issue in the ITC proceeding, because of the similarity in their subject matter).

[2] *See, e.g.*, *Flexsys*, 2005 WL 1126750, at *4 (granting a stay as to two parties to the case who were not defendants in the ITC investigation); *SanDisk*, 538 F. Supp. 2d at 1063–64 (granting discretionary stay even though district court action involved parties who were not defendants in the ITC proceeding).

Jawbone's response will be due in 10 calendar days, at which point it would be considered by the Chief ALJ Bullock.

Fitbit's reluctance to pursue such a motion at the ITC now appears to stem from its desire to get two bites at the apple—first, in this case on a motion for judgment on the pleadings and subsequently in the ITC Investigation, where the Court's decision is likely not be preclusive because it will not be a final order resolving all issues. *See* Restatement (Second) of Judgements § 27 (1982) (stating that collateral estoppel applies when an issue of fact or law is determined by a valid and final judgment). Fitbit contemplates duplicative litigation and risks conflicting results in two forums considering the same core liability issues at effectively the same time.

*Second*, neither party claims a hardship in moving forward with the litigation, making this factor neutral.

*Third*, judicial economy weighs strongly in favor of a stay. The third factor "weighs in favor of granting a stay when the orderly course of justice will be advanced through the simplifying of issues, proof, and questions of law." *FormFactor*, 2008 WL 361128, at *3. A stay pending final resolution of the ITC proceedings is likely to simplify the present case. The ITC proceeding will involve all liability issues that will confront this Court—e.g., claim construction, invalidity, and enforceability of the patents-in-suit. As courts routinely recognize, "if the ITC proceedings bear on the issues of [the district court] case, it would be the most efficient and fairest course of action to stay . . . ." *Id*; *see also Avago Technologies, U.S. Inc. v. IPtronics, Inc.*, No. 5:10–CV–02863–EJD, 2013 WL 623042, at *3 (N.D. Cal. Feb. 15, 2013) ("Because the ITC investigation relates to the present case, several issues of proof may stand to be clarified by the ITC's determination."). On the other hand, as discussed above, allowing duplicative parallel litigation to proceed is not only wasteful, but also introduces risk of inconsistent determination of issues by this Court and the ITC at the same time. Accordingly, the Court should stay the instant case until the parallel ITC Investigation is resolved.

**B. Fitbit's Accusations Of Bad Faith Are Unwarranted.**

Fitbit can offer no legally cognizable reason for opposing the stay, instead resorting to rhetorical claims about the "dubious motives" for the stay and then asserting, despite well-known

protocol by ITC patent practitioners, that "no good-faith purpose could be served by filing a federal court action and then promptly seeking to stay it." Dkt. 42 at 11.

First, as described above, it is entirely customary for a patentee to file a parallel patent infringement action in the district court prior to filing its complaint with the International Trade Commission ("ITC"). Doing so "(1) permits the complainant/plaintiff to 'lock in' its choice of forum, rather than risk the possibility of the respondent/defendant filing a declaratory judgment complaint in an undesirable forum, and (2) sets the six-year damages period under 35 U.S.C. § 286." Marcia H. Sundeen, et al., Unfair Competition and the ITC: A Treatise on Section 337 Actions (West 2012) § 12:1, at 515 n. 15. For this reason, an initiation of district court litigation prior to filing of an ITC complaint is part and parcel of ITC practice. It is also customary for the case to be stayed as recognized by courts all over the country and even Congress as described above. The only thing unusual here is that Fitbit did not seek the stay to which it was entitled as a matter of statute and instead is opposing a stay that will conserve its resources and streamline the issues in dispute.

Fitbit feigns surprise at this commonplace practice and instead contends that a stay should be denied because of when this case was filed relative to its IPO. Fitbit has not, and cannot, offer any legal connection between this assertion and the standard for considering a stay under the law. Moreover, Fitbit's underlying assertion is belied by the fact that Jawbone is actively engaged in litigation in the ITC that was filed and instituted after the IPO,. Similarly, Fitbit's IPO closed on June 17, 2015—well before Jawbone filed the first amended complaint, which asserted half of the patents in this lawsuit.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court stay this action pending the resolution of the parallel ITC Investigation.

October 2, 2015

*/s/ Kalpana Srinivasan*

Max L. Tribble Jr. (*Pro Hac Vice*)
Joseph Grinstein (*Pro Hac Vice Pending)*
SUSMAN GODFREY L.L.P.

1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 651-6666
mtribble@susmangodfrey.com

Kalpana Srinivasan
Oleg Elkhunovich
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Genevieve Vose Wallace (*Pro Hac Vice*)
Floyd G. Short (*Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Tamar E. Lusztig (*Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Ave, 15th Floor
New York, New York 10022-6828
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

*Counsel for Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc.*